VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF ALBEMARLE

TOMMIE BRANCH,

   Plaintiff,

v.                                        Case No. CL22-860

KROGER LIMITED PARTNERSHIP I,

   Defendant.

## ANSWER

COMES NOW the defendant, Kroger Limited Partnership I (hereinafter "Kroger"), by counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1. As to the allegations of paragraph 1 of the plaintiff's Complaint, Kroger lacks information sufficient to admit or deny but accepts the allegation as true.

2. As to the allegations of paragraph 2 of the plaintiff's Complaint, Kroger admits.

3. As to the allegations of paragraph 3 of the plaintiff's Complaint, Kroger admits upon information and belief that the plaintiff was on the store's premises on or about December 20, 2020 but lacks information sufficient to admit or deny the remaining allegations pertaining to whether or not the plaintiff grocery shopped, and therefor denies.

4. As to the allegations of paragraph 4 of the plaintiff's Complaint, Kroger denies.

5. As to the allegations of paragraph 5 of the plaintiff's Complaint, Kroger denies.

6. As to the allegations contained within subsections (a) through (c) of paragraph 6 of the plaintiff's Complaint, Kroger denies and calls for strict proof thereof.

7. As to the allegations of paragraph 7 of the plaintiff's Complaint, Kroger denies and calls for strict proof thereof.



EXHIBIT C

8. Kroger generally denies all allegations contained within the "WHEREFORE" clause following paragraph 7 of the plaintiff's Complaint.

9. Any allegation not specifically admitted is denied.

10. Kroger denies that it is indebted to the plaintiff in the amount claimed or in any amount for any reason.

11. Kroger denies that it was negligent or that any negligence by Kroger was a proximate cause of Plaintiff's injuries. And while Kroger denies that it was negligent in any way, if there is a judicial finding that it was, Kroger avers that the plaintiff was contributorily negligent and/or assumed the risk because of his failure to keep a proper lookout and awareness, failure to observe that which was open and obvious, and failure to keep proper care for his own safety.

12. Kroger avers that the general condition of the property in question was open and obvious to all who entered.

13. Kroger reserves the right to supplement these affirmative defenses or to assert new affirmative defenses as discovery so necessitates.

14. Kroger reserves the right and intends to remove this matter to the United States District Court for the Western District of Virginia, and this Answer is not intended to prejudice that right. Such actions are timely and preserved.

15. Kroger reserves the right to rely upon any and all properly provable defenses to this action and to amend this Answer at any time it may be advisable.

WHEREFORE, for the foregoing reasons, Kroger, by counsel, respectfully requests that this Court award judgment in its favor, dismiss the case with prejudice, award their costs

incurred in defending this suit, and award any further relief the Court deems just and proper. To the extent a triable issue of fact exists, TRIAL BY JURY IS DEMANDED.

**KROGER LIMITED PARTNERSHIP I**

By Counsel

*/s/ Laura M. Berry*
Jon A. Nichols (VSB No. 48613)
Laura M. Berry (VSB No. 95697)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jnichols@hccw.com
lberry@hccw.com

## CERTIFICATE

I hereby certify that a true copy of the foregoing was sent via U.S. mail and e-mail this 25th day of July, 2022 to:

Terry L. Armentrout, Esq.
(VSB No. 29066)
Armentrout Accident & Injury Law, LLC
Two South Main Street, Suite 301
Harrisonburg, VA 22802
540-564-1466 - Phone
540-434-7929 - Fax
armentrout@thevirginialawyers.com

*/s/ Laura M. Berry*
Laura M. Berry

3